**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CHERYL PEEBLES<br>8480 Limekiln Pike, Apt 1113<br>Wyncote, Pennsylvania 19095<br><br>*Plaintiff,*<br>v.<br><br>CHAIN IQ AMERICAS, INC.<br>10 Exchange Place, 21st Floor<br>Jersey City, NJ 07302<br><br>*Defendant.* | CIVIL ACTION<br><br>No. ______________<br><br>JURY TRIAL DEMANDED |

**CIVIL ACTION COMPLAINT**

The above-named Plaintiff, by and through the undersigned counsel, hereby avers as follows:

## I. Introduction

1. Plaintiff, Cheryl Peebles, (hereinafter referenced as "Plaintiff") has initiated the instant action to recover damages for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, the Pennsylvania Criminal History Record Information Act, and other applicable federal and state law by Defendant Chain IQ Americas, Inc. (hereinafter referenced as "Defendant").

## II. Parties

2. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

3. Plaintiff is an adult individual with an address as captioned above.

4. Defendant is a corporation with an address as captioned above.

5. At all times relevant hereto, Defendant acted through its agents, servants, and employees, each of whom was in the course and scope of their employment.

## III. Jurisdiction and Venue

6. The foregoing paragraphs are incorporated in their entirety as if set forth in full.

7. The Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over it to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of rights conferred under Federal law (including Title VII of the Civil Rights Act of 1964).

9. The Court may also maintain supplemental jurisdiction over the state law claims set forth in Count Three pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to the claim(s) within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because: (a) Defendant resides in and/or conduct business in this judicial district; and (b) because the acts and omissions giving rise to the claims set forth herein, including specifically: (i) Plaintiff's employment with Defendants; and (ii) the adverse employment actions carried out by Defendant against Plaintiff occurred exclusively in this judicial district.

## IV. <u>Administrative Remedies</u>

11. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

12. Plaintiff has satisfied the procedural and administrative requirements for proceeding under Title VII of the Civil Rights Act of 1964 as follows:

a. On or about January 12, 2023, Plaintiff filed a timely written charge of discrimination against Defendant with the Equal Employment Opportunity Commission at Charge No. 530-2023-02290 alleging racial discrimination;

b. The Equal Employment Opportunity Commission issued a Notice of Right to Sue to Plaintiff on the foregoing charge on or about March 8, 2023;

c. The instant action is timely because it is initiated within ninety (90) days of the receipt of the aforementioned Notice;

d. Plaintiff also cross-filed the aforementioned charge of discrimination with the Pennsylvania Human Relations Commission, and may amend this Complaint to assert a claim under the Pennsylvania Human Relations Act when that claim is ripe.

## V. Factual Background

13. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

14. Plaintiff is female and African-American.

15. Plaintiff worked for the Defendant as a Sourcing Technology Services Expert (STSE) from July 18, 2022 to January 10, 2023.

16. Plaintiff's employment was involuntarily terminated on January 10, 2023.

17. Plaintiff's work was remote, and she worked physically in the Commonwealth of Pennsylvania, where she resides.

18. Defendant assigned Plaintiff to perform work on behalf of UBS, a client of Defendant.

19. Plaintiff performed her work well and had no performance issues during her tenure with Defendant.

20. Before Plaintiff began work with Defendant, Lauren Jensen of Respondent's Human Resources department emailed her on July 8, 2022 and advised her that she had received her background check results and that Plaintiff had been "cleared" to start work with Defendant on July 18, 2022.

21. However, in November of 2022 (after she had been told she was clear to start work, and had already been working for four months), Plaintiff was advised by Olivia McDonough of Defendant's Human Resources department that she was off the UBS account because there were allegedly "flags" on her background check.

22. In December of 2022, Defendant's CEO, Donna Donato, had advised Plaintiff of the same alleged issue and said she could not work for Respondent.

23. Donato also told Plaintiff that her work was excellent.

24. Despite the foregoing, Plaintiff was still permitted to work on UBS matters after November of 2022.

25. Plaintiff did not receive written notice that Defendant's decision was based in whole or part on criminal history record information as required by 18 Pa. C.S.A. § 9183.

26. For the foregoing reasons, the reasons Plaintiff's employment was terminated were pretextual.

27. Plaintiff's employment was terminated because of her race and/or color.

**Count One**
**Title VII of the Civil Rights Act of 1964**
**Racial Discrimination**

28. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

29. Plaintiff was subjected to the foregoing actions because of her race (African-American).

30. In firing Plaintiff because of her race, Defendant violated Title VII of the Civil Rights Act of 1964.

WHEREFORE, Plaintiff respectfully requests the relief set forth in the *Ad Damnum* clause below.

**Count Two**
**42 U.S.C. § 1981**
**Racial Discrimination**

31. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

32. Plaintiff was subjected to the foregoing actions because she is African-American.

33. In intentionally discriminating against and retaliating against Plaintiff as aforesaid as a result of her race, Defendant also violated 42 U.S.C. § 1981.

WHEREFORE, Plaintiff respectfully requests the relief set forth in the *Ad Damnum* clause below.

**Count Three**
**Pennsylvania Criminal History Record Information Act**

34. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

35. Plaintiff did not receive written notice that Defendant's decision was based in whole or part on criminal history record information, as required by 18 Pa. C.S.A. § 9183.

36. Any person aggrieved by a violation of the provisions of the Pennsylvania Criminal History Record Information Act or of the rules and regulations promulgated thereunder has the substantive right to bring an action for damages by reason of such violation in a court of competent jurisdiction.

37. As a result of Defendant's willful violation of the Pennsylvania Criminal History Record Information Act as aforesaid, Plaintiff is entitled to actual and real damages, reasonable costs of litigation, attorney's fees, and exemplary and punitive damages.

WHEREFORE, Plaintiff respectfully requests the relief set forth in the *Ad Damnum* clause below.

## *AD DAMNUM CLAUSE*

WHEREFORE, Plaintiff respectfully requests the Court to grant her the following relief:

A. That a judgment be entered against Defendant on the claims set forth herein;

B. That Plaintiff be awarded actual damages, including lost pay and damages for the pain, suffering, and humiliation caused to Plaintiff by Defendant;

C. That Plaintiff be awarded punitive damages in an amount believed by the trier of fact to appropriately punish Defendant for its willful, malicious, deliberate, and outrageous conduct and to deter it from engaging in future misconduct;

D. That Plaintiff be granted all other legal, equitable or injunctive relief the Court deems just and proper, including but not limited to the relief requested herein;

E. That Plaintiff is to be awarded the costs and expenses of this action;

F. That Plaintiff be awarded reasonable attorneys' fees;

G. That Plaintiff's claims against Defendant be tried to a jury to the extent permitted by applicable law.

Respectfully submitted,

WAYNE A. ELY

BY: /S/ Wayne A. Ely

Wayne A. Ely, Esquire
Attorney for Plaintiff
59 Andrea Drive
Richboro, Pennsylvania 18954
(215) 801-7979

June 1, 2023