IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHERYL PEEBLES<br>　　　　　Plaintiff,<br>　　v.<br>CHAIN IQ AMERICAS, INC.<br>　　　　　Defendant. | CIVIL ACTION NO. 23-2100 |

MEMORANDUM OPINION

Rufe, J.                                                                                                                June 14, 2024

Plaintiff Cheryl Peebles filed suit against Defendant Chain IQ Americas Inc. ("Chain IQ"), alleging that she was wrongfully terminated from her employment due to her race. Specifically, Peebles alleges violations of Title VII of the Civil Rights Act of 1964,[1] 42 U.S.C. § 1981, the Pennsylvania Criminal History Record Information Act, and invasion of privacy. Chain IQ has moved to dismiss the Amended Complaint.

I.  **BACKGROUND**

The facts as alleged in Peeble's Amended Complaint are taken as true for the purposes of the Motion to Dismiss. Cheryl Peebles is an African-American woman, who worked for the Defendant as a Sourcing Technology Services Expert (STSE) from July 18, 2022 to January 10, 2023.[2] Her employment was terminated on January 10, 2023.[3] Although Peebles's work was remote, she worked and lived in the Commonwealth of Pennsylvania.[4] Chain IQ assigned

---

[1] 42 U.S.C. § 200e, *et seq*.

[2] Am. Compl. [Doc. No. 14] ¶ 15.

[3] *Id.* at ¶ 16.

[4] *Id.* at ¶ 17.

Peebles to perform work on behalf of UBS, a multinational investment bank and a client of Chain IQ.[5]

On July 8, 2022, prior to Peebles's employment, a Chain IQ Human Resources representative emailed Peebles to advise her that she had been "cleared" to start work.[6] She began work 10 days later.[7] In November 2022, Peebles was notified by a Chain IQ's Human Resources representative that she would be removed from the UBS account due to flags in her background check.[8] In December 2022, Donna Donato, the CEO of Chain IQ, confirmed this issue with Peebles and notified her that she could no longer work for Chain IQ.[9] Donato also told Peebles that her work had been excellent.[10] Peebles reportedly continued to work on the UBS account after November 2022.[11]

The Equal Employment Opportunity Commission issued a Notice of Right to Sue to Plaintiff on her EEOC Charge on March 8, 2023.[12] Peebles subsequently filed her initial Complaint in the United States District Court for the Eastern District of Pennsylvania on June 1, 2023.[13] On August 18, 2023, Chain IQ, through its legal counsel, filed a Motion to Dismiss with an attached declaration that included Peeble's social security number.[14] This declaration was stricken by the Court on August 29, 2023, for improperly disclosing personal identifying

---

[5] *Id.* at ¶ 18.
[6] *Id.* at ¶ 20.
[7] *Id.*
[8] *Id.* at ¶ 21.
[9] *Id.* at ¶ 22.
[10] *Id.* at ¶ 23.
[11] *Id.* at ¶ 24.
[12] *Id.* at ¶ 12(b).
[13] *See* Compl. [Doc. No. 1].
[14] Mot. Dismiss [Doc. No. 9].

information and violating Local Rule of Civil Procedure 5.1.3.[15] Based on Defendant's disclosure of Peeble's personal information, Peebles filed an Amended Complaint alleging two new counts: invasion of privacy and retaliation under Title VII of the Civil Rights Act of 1964.[16] On October 13, 2023, Chain IQ moved to dismiss the Amended Complaint.[17]

## II. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[18] The question is not whether the plaintiff ultimately will prevail but whether the complaint is "sufficient to cross the federal court's threshold."[19] In evaluating a challenged complaint, a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."[20] However, the Court "need not accept as true 'unsupported conclusions and unwarranted inferences'"[21] or "legal conclusions."[22] The Court may consider matters of public record, including criminal case dispositions.[23]

---

[15] Order [Doc. No. 12].

[16] Am. Compl. [Doc. No. 14].

[17] Mot. Dismiss [Doc. No. 18].

[18] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)); *see also Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 46 (2011).

[19] *Skinner v. Switzer*, 562 U.S. 521, 530 (2011) (citations omitted).

[20] *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (quotation marks omitted).

[21] *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183–84 (3d Cir. 2000) (quoting *City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 n.13 (3d Cir. 1998)).

[22] *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429–30 (3d Cir. 1997) (quoting *Glassman v. Computervision Corp.*, 90 F.3d 617, 628 (1st Cir. 1996)) (internal quotations omitted).

[23] *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006); *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1197 (3d Cir. 1993) (stating that "[c]ourts have defined a public record, for

### III. DISCUSSION

#### A. TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 – RACIAL DISCRIMINATION AND RETALIATION

Title VII of the Civil Rights Act of 1964 prohibits an employer from discriminating "against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."[24] Peebles alleges that she was fired due to her race and that she was retaliated against by Defendant due to its disclosure of her social security number in a court filing.

At this stage, the Court must determine only whether Plaintiff has alleged "sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims."[25] Plaintiff's racial discrimination claim fails to meet this low threshold. Peebles has not articulated a single fact that may raise a reasonable expectation that discovery will uncover proof of discrimination. Peeble's sole description of racial discrimination in the Amended Complaint is as follows: "Plaintiff's employment was terminated because of her race and/or color."[26] This single conclusory statement fails to provide "sufficient factual matter that permits the reasonable inference that [she] was terminated or retaliated against because of her race, sex, and/or national origin."[27] Peebles has failed to provide anything more than a "legal conclusion couched as a factual allegation."[28] Therefore, Plaintiff's racial discrimination claim will be dismissed.

---

purposes of what properly may be considered on a motion to dismiss, to include criminal case dispositions such as convictions or mistrials").

[24] 42 U.S.C. § 2000e-2(a)(1).

[25] *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016) (quotation marks and citations omitted).

[26] Am. Compl. [Doc. No. 14] ¶ 27.

[27] *Golod v. Bank of Am. Corp.*, 403 F. App'x 699, 702 (3d Cir. 2010).

[28] *Castleberry v. STI Grp.*, 863 F.3d 259, 263 (3d Cir. 2017) (citation omitted).

Peebles also alleges a retaliation claim due to Chain IQ's disclosure of her social security number in an appended document to its first Motion to Dismiss.[29] To state a claim for retaliation, a plaintiff must plead "sufficient factual allegations to raise a reasonable expectation that discovery will reveal evidence . . . (1) she engaged in conduct protected by Title VII; (2) the employer took adverse action against her; and (3) a causal link exists between her protected conduct and the employer's adverse action."[30]

Peebles retaliation claim fails because it is utterly lacking in any well-pleaded facts to suggest that Chain IQ took an adverse action, which caused "material adversity" to Plaintiff.[31] Peebles suggests that Chain IQ's disclosure of her social security number in a court document was a malicious attempt to "expose Plaintiff's personal information as a 'hardball' litigation tactic."[32] However, Peebles has provided "no basis to infer that [Chain IQ's] conduct was in retaliation for Plaintiff's discrimination lawsuit . . . ."[33] Without more, counsel's failure to redact Plaintiff's social security number cannot state a claim for retaliation.[34] Therefore, the claim must be dismissed.

---

[29] The Court struck the filing under Local Rule 5.1.3. *See* Order [Doc. No. 12].

[30] *Connelly*, 809 F.3d at 789 (internal citations omitted).

[31] *See Burlington N. and Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) ("In our view, a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.") (internal quotations and citations omitted).

[32] Am. Compl. [Doc. No. 14] ¶ 37.

[33] *Middlebrooks v. Bonner Kiernan Trebach & Crociata*, 671 F. Supp. 2d 61, 63 (D.D.C. 2009).

[34] The Court also notes that Peebles has failed to exhaust her administrative remedies. As Plaintiff admits in her Response, the EEOC/PHRC Charge of retaliation against Defendant is still pending. *See* Resp. Opp'n [Doc. No. 21] at 9. Failure to exhaust in Title VII cases is an affirmative defense which must be pleaded by the Defendant. *See Williams v. Runyon*, 130 F.3d 568, 573 (3d Cir. 1997). However, the Third Circuit has "recognized that *sua sponte* dismissal may be appropriate where the plaintiff concedes that [she] failed to exhaust." *See Fernandez v. Rose Trucking*, 429 F. App'x 145, 146 (3d Cir. 2011). Regardless, Plaintiff's retaliation claim is devoid of factual allegations that would allow the claim to proceed past this stage.

### B. 42 U.S.C. § 1981 – RACIAL DISCRIMINATION

A claim of racial discrimination under § 1981 follows a similar analytical framework to Title VII.[35] A right to relief for purposeful racial discrimination under § 1981 can be established by showing "(1) that [s]he belongs to a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities enumerated in § 1981, including the right to make and enforce contracts."[36] Section 1981 requires a plaintiff to "initially plead . . . that, but for race, [she] would not have suffered the loss of a legally protected right."[37]

Peebles "is not required to prove discriminatory intent at the motion to dismiss stage, rather she need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of [it]."[38] However, Peebles does not plead any facts that even hint at racial animus, except for the conclusory statement that "Plaintiff was subjected to the foregoing actions because she is African-American."[39] Even construed in the light most favorable to the nonmoving party, there are no allegations in the Amended Complaint that raise a reasonable expectation that discovery will reveal that Chain IQ intended to discriminate against Plaintiff on the basis of race.[40]

---

[35] *Ellis v. Budget Maint., Inc.*, 25 F. Supp. 3d 749, 754 (E.D. Pa. 2014) ("[T]he Third Circuit treats § 1981 and Title VII claims similarly."); *see also Est. of Oliva ex rel. McHugh v. New Jersey*, 604 F.3d 788, 798 n.14 (3d Cir. 2010) (noting that the Title VII standard applies for § 1981 cases).

[36] *Ellis v. Budget Maint., Inc.*, 25 F. Supp. 3d 749, 753 (E.D. Pa. 2014) (citing *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 569 (3d Cir. 2002)).

[37] *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 589 U.S. 327, 341 (2020) (emphasis added).

[38] *Bagic v. Univ. of Pittsburgh*, 773 F. App'x 84, 87 (3d Cir. 2019) (quotations omitted).

[39] Am. Compl. [Doc. No. 14] ¶ 39.

[40] *See Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 569 (3d Cir. 2002).

### C. Pennsylvania Criminal History Record Information Act (CHRIA)

Plaintiff alleges that Chain IQ violated the Pennsylvania Criminal History Record Information Act (CHRIA) when it did not provide Plaintiff written notice that Defendant's decision was based in whole or part on criminal history record information.[41] It is well-established that the CHRIA only applies to hiring decisions, not termination decisions.[42] Plaintiff incorrectly relies on *Negron v. School Dist. of Philadelphia* to support her position that the CHRIA claim need not be dismissed, even though she had been employed for over four months before her termination. In *Negron*, the plaintiff was a non-tenured teacher who was hired "*subject to* the results of a pending background check."[43] The Court concluded that "[Negron's] hiring subject to a background check and his termination based, at least in part, on that background check constitutes a hiring decision, drawing it within the scope of the CHRIA."[44] Here, according to Peebles' own alleged facts, her background check had been "cleared" and she had been working as an employee with Chain IQ for over four months before she was "fired."[45] Unless Plaintiff can allege facts that her employment was subject to a background check in an amended complaint, Plaintiff cannot state a claim under the CHRIA.

---

[41] Am. Compl. [Doc. No. 14] ¶ 42; *see also* 18 Pa. Cons. Stat. Ann. § 9125(c) ("The employer shall notify in writing the applicant if the decision not to hire the applicant is based in whole or in part on criminal history record information.").

[42] *See Ripley v. Sodexo, Inc.*, No. 14-0075, 2014 WL 4293117 (W.D. Pa. Aug. 29, 2014) (dismissing CHRIA claim since the criminal history information was used to terminate an employee after he was hired); *Miller v. Autopart Int'l*, No. 15-0384, 2016 WL 815596 (M.D. Pa. Mar. 2, 2016) ("[I]t is clear that § 9125 is relevant only to the hiring of a potential employee, not the termination of an employee.").

[43] *Negron v. Sch. Dist. of Phila.*, 994 F. Supp. 2d 663, 665 (E.D. Pa. 2014).

[44] *Negron v. Sch. Dist. of Phila.*, 994 F. Supp. 2d 663, 667 (E.D. Pa. 2014).

[45] Am. Compl. [Doc. No. 14] ¶ 35.

### D. INVASION OF PRIVACY

Plaintiff alleges the common law tort for invasion of privacy because Chain IQ filed Plaintiff's social security number on the public docket. To state a claim for invasion of privacy, a Plaintiff must allege one of the following: (1) appropriation of another's name or likeness for commercial purposes; (2) publicity that unreasonably places another in a false light before the public; (3) unreasonable intrusion upon the seclusion of another; or (4) unreasonable publicity given to another's private life.[46]

As to the first and second tests, Plaintiff clearly does not allege that Defendant appropriated her name for commercial purposes nor does she allege that Defendant publicly placed her in an "objectionable false light" by disclosing her private information.[47] As to the third test, an "unreasonable intrusion upon the seclusion of another" requires that the intrusion be "substantial and highly offensive to a reasonable person."[48] The brief disclosure of Peebles's social security number on the public docket, which was quickly stricken by this Court, cannot be deemed a highly offensive intrusion nor is it the sort of conduct that would "cause mental suffering, shame or humiliation to a person of ordinary sensibilities."[49] For the same reasons, Plaintiff has failed to allege facts to support her claim that she suffered from unreasonable publicity.

---

[46] *Curran v. Children's Serv. Ctr. of Wyoming Cnty., Inc.*, 578 A.2d 8 (Pa. Super. Ct. 1990).

[47] *Casselli v. City of Philadelphia*, 54 F. Supp. 3d 368, 380 (E.D. Pa. 2014) (" The interest protected by false light invasion of privacy is the interest of the individual in not being made to appear before the public in an objectionable false light.") (quotations omitted).

[48] *Chicarella v. Passant*, 494 A.2d. 1109, 1114 (Superior Court of Pa. 1985).

[49] *Hull v. Curtis Publishing Co.,* 182 Pa. Super. 86, 99 (Pa. Super. Ct. 1956) (quotations omitted).

## IV. Conclusion

For the reasons stated above, Defendant's Motion to Dismiss will be granted. An order will be entered.